# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**THOMAS CLYDE WHITE,**

**Plaintiff,**

**-vs-**                                                    **Case No.  6:09-cv-1208-Orl-28GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**
_____

# REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT:

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S UNCONTESTED MOTION FOR ATTORNEY'S FEES (Doc. No. 21)** |
| **FILED:** | **September 19, 2010** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part.**

On September 3, 2010, a judgment was entered reversing and remanding this case to the Commissioner of Social Security for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  Doc. No. 19.  Plaintiff has moved for an award of attorney fees in the amount of $4,298.06 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") (the "Motion"). Doc. No. 21.  The Motion is unopposed and the parties have entered into a written stipulation regarding the payment of the attorneys' fees at issue in the Motion.  Doc. No. 21 at 11.  The stipulation provides:

1

> The parties agree that Plaintiff should be awarded $4,298.06 in EAJA attorney fees. This amount reflects 2.3 hours of work on the case in 2009 at a rate of $171.23 per hour and 22.3 hours of work on the case in 2010 at a rate of $174.63 per hour by Plaintiff's attorney. After the Court issues an order awarding EAJA fees to Plaintiff, the Commissioner will determine whether Plaintiff owes a debt to the government. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

Doc. No. 21 at 11.  The requested hourly rates do not exceed the Equal Access to Justice Act cap of $125 per hour adjusted for inflation and the change in the Consumer Price Index since the EAJA was enacted in 1996.  *See* Doc. No. 21 at 8-10.

However, Plaintiff's calculations are not accurate.  In the Motion, Plaintiff makes the following calculations:

| Name | Year | Time | Rate | Total |
|---|---|---|---|---|
| Richard Culbertson | 2009 | 2.3 | $171.23 | $393.82 |
| | 2010 | 22.3 | $174.63 | $3,904.24 |
| | | | | $4,298.06 |

Doc. No. 21 at 2.  Plaintiff's calculation for 2010 is incorrect (22.3 x 174.63 = $3,894.25), and that error results in an overcharge of $9.99 ($4,298.06 - $4,288.07 = $9.99).  The undersigned recommends that the Court reduce the amount of EAJA fees awarded to Plaintiff by $9.99.

Based on the forgoing, the undersigned **RECOMMENDS** that the Court:

1.  **GRANT** the Motion (Doc. No. 21) in part by awarding $4,288.07 in EAJA fees to Plaintiff; and

2

2.   Otherwise **DENY** the Motion (Doc. No. 21).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.  **If the parties have no objection to this report and recommendation, they may promptly file a joint notice of no objection.**

**RECOMMENDED** in Orlando, Florida on October 26, 2010.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of record
Unrepresented parties