**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

THOMAS CLYDE WHITE,

               **Plaintiff,**

-vs-                                             Case No. 6:09-cv-1208-Orl-28GJK

COMMISSIONER OF SOCIAL SECURITY,

               **Defendant.**
_____

# REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT:

This cause came on for consideration after oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **RICHARD CULBERTSON'S REQUEST FOR AUTHORIZATION TO CHARGE A REASONABLE FEE AND MEMORANDUM ON REASONABLE FEES PURSUANT TO 42 U.S.C. § 406(b) (Doc. No. 25)** |
| **FILED:** | **September 2, 2011** |
| **THEREON** it is **RECOMMENDED** that the motion is **GRANTED.** | |

### I. BACKGROUND.

On June 2, 2009, Thomas Clyde White (the "Plaintiff") and his counsel entered into a contingency fee agreement whereby Plaintiff agreed to pay counsel a fee of twenty-five percent of the total amount of past-due benefits ultimately awarded. Doc. No. 25-1 at 1. On September 3, 2010, a judgment was entered reversing and remanding this case to the Commissioner of Social Security (herein, "Commissioner" or "Defendant") for further proceedings pursuant to

1

sentence four of 42 U.S.C. § 405(g). Doc. No. 19. On November 16, 2010, Plaintiff was awarded attorneys' fee in the amount of $4,288.07 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "EAJA"). Doc. No. 24.

Plaintiff's counsel asserts that on June 26 and August 6, 2011, Plaintiff received notices which ultimately reflect a total award of past-due benefits in the amount of $170,723.00. Doc. Nos. 25 at 1; 25-2 at 1, 3, 7, 10.[1] On September 2, 2011, Plaintiff's counsel, Richard A. Culbertson, filed a motion (the "Motion") requesting Authorization to Charge a Reasonable Fee and Memorandum of Reasonable Fees Pursuant to 42 U.S.C. § 406(b) in the net amount of $36,680.75 (representing 25% of past-due benefits, which equals $42,680.75, minus $4,288.07 in EAJA fees, minus an additional unspecified $1,711.93). Doc. No. 25 at ¶ 4.[2] Thus, Plaintiff's counsel requests an award of fees $6,000.00 less than 25% of past-due benefits awarded.

On September 23, 2011, the Commissioner filed a response (the "Response") to the Motion. Doc. No. 28. The Commissioner maintains that the amount of attorneys' fees requested by Plaintiff's counsel is unreasonable and represents a windfall because the effective hourly rate is $1,491.09. Doc. No. 28 at 5 (citing *Grunseich v. Barnhart*, 439 F.Supp.2d 1032, 1035 (C.D. Cal. 2006) (reducing counsel's request for fees from effective hourly rate of $1,242.36 to $600.00); *Hodges-Williams v. Barnhart*, 400 F.Supp.2d 1093, 1099-1100 (N.D. Ill. 2005) (reducing counsel's request for fees from effective hourly rate of $1,007.54 to $350.00)). The Commissioner also maintains that the amount of attorneys' fees requested by Plaintiff's counsel exceeds twenty-five (25%) of past due benefits awarded because "records indicate that $6,000.00

---

[1] The notices attached to the Motion show that Claimant received $110,195.00 in past-due benefits, $30,264.00 in past-due spousal benefits, and $30,264.00 in past-due child benefits. Doc. No. 25-2 at 1, 3, 7, 10.

[2] The EAJA fee ($4,288.07) plus the unspecified fee ($1,711.93) equal $6,000.00.

of Plaintiff's past-due benefits were already disbursed to Plaintiff's administrative attorney for his representation at the administrative level." Doc. No. 28 at 6. Thus, the Commissioner argues that the twenty-five (25%) of past-due benefits ($42,680.75) should be reduced by $6,000.00, to account for the administrative attorneys' fees already disbursed, and by $4,288.07, to account for EAJA fees, which results in a total of $32,392.68 in attorneys' fees. Doc. No. 28 at 6-7. The Commissioner maintains that this amount ($32,392.68) would still represent a windfall to Plaintiff's counsel and generally suggests that it be further reduced to an unspecified, but more reasonable, amount. Doc. No. 28 at 7-8.

On November 17, 2011, the Court directed Mr. Culbertson to file a reply addressing whether $6,000.00 was paid to Plaintiff's administrative counsel and whether the amount of Section 406(b) fees should be reduced by that amount. Doc. No. 30 at 4-5. On December 12, 2011, Mr. Culbertson filed a reply acknowledging that $6,000.00 out of Plaintiff's total past due benefits was awarded to administrative counsel. Doc. No. 33 at 1-2. Mr. Culbertson maintains that no part of the EAJA or Section 406(b) would prevent him from being awarded $36,680.75, which represents a deduction of EAJA fees and an unspecified additional amount. Doc. No. 33 at 2-3. Mr. Culbertson further maintains that this Court lacks jurisdiction over fees awarded under Section 406(a) and, therefore, any fees awarded thereunder by the Commissioner should not affect reasonable fees awarded under Section 406(b). Doc. No. 33 at 4. Mr. Culbertson contends that the Commissioner is suggesting that this Court "make new law" by holding that "EAJA fees, 406a fees and 406b fees cannot exceed 25% of the claimant's retroactive benefits." Doc. No. 33 at 4-5. Mr. Culbertson also argues that the amount requested is not a windfall because Plaintiff knew that he might receive a large amount of past-due benefits, and agreed that

3

Mr. Culbertson would be entitled to twenty-five percent thereof. Doc. No. 33 at 5-6. Mr. Culbertson states that his effective hourly rate is not an appropriate measure for determining the reasonableness of the fee requested because the probability of obtaining an award of fees and the extensive delays that occur in Social Security cases before such an award may be made are not sufficiently accounted for by focusing solely on a reasonable hourly rate determination. Doc. No. 33 at 7. Based on the forgoing, Mr. Culbertson argues that he should be awarded $36,680.75 in Section 406(b) fees.

On February 1, 2012, the Court held oral argument on the Motion and the issue of whether the aggregate of Section 406(a), Section 406(b), and EAJA fees cannot exceed a cap of twenty-five (25%) percent pursuant to *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970). Doc. Nos. 34, 39.[3] Mr. Culbertson acknowledged that *Dawson* is binding precedent and found that the aggregate amount of attorneys' fees awarded under 42 U.S.C. § 406 cannot exceed twenty-five (25%) percent of past-due benefits awarded. Nevertheless, Mr. Culbertson maintained that the *Dawson* is factually distinguishable from the present case and contrary to the plain language of the statute. Mr. Culbertson asserted that the fee requested does not constitute a windfall and requested that the Court award him $36,680.75 in 406(b) fees. The Commissioner acknowledged that the Court is not required to award a net fee under Section 406(b) and that the burden lies with Mr. Culbertson to refund the EAJA fees to Plaintiff. Nevertheless, the Commissioner argued that pursuant to *Dawson*, the Court may not award fees in excess of twenty-five percent based on the aggregate of 406(a), 406(b), and EAJA fees. Thus, the

---

[3] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209-11 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the law of the former Fifth Circuit.

Commissioner argued that the Court may award Mr. Culbertson a maximum net Section 406(b) fee of $32,392.68, which is reduced by $4,288.07 in EAJA fees and $6,000.00 in 406(a) fees. The Commissioner reasserted that the maximum fee should be further reduced because the effective hourly rate constitutes a windfall.

## II.  ANALYSIS.

This case involves the interplay between three statutory provisions under which attorneys representing claimants in Social Security Disability cases may be compensated. 42 U.S.C. §§ 406(a) and 406(b) and 28 U.S.C. § 2142(d). Section 406(a) provides the exclusive avenue for attorneys seeking fees for work done before the Commissioner at the administrative level. *Id*. The Commissioner has the sole discretion in determining appropriate fees under Section 406(a). *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). The fees awarded under Section 406(a) are paid out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(a)(2)(A) and (B). Section 406(a) caps the fees that may be awarded at twenty-five percent of past-due benefits awarded or a lesser fixed amount. 42 U.S.C. § 406(a)(2)(A)(ii)(I)-(II).

For fees incurred representing Social Security Disability claimants in federal court, attorneys may seek fees under two statutory provisions, 42 U.S.C. § 406(b) and 28 U.S.C. § 2142(d). Under Section 406(b), upon entry of judgment in favor of a claimant, the Court may award a reasonable fee for work performed before the Court, which are paid out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A). Ordinarily, the Section 406(b) petition occurs long after the Court has rendered a judgment in favor of the claimant and remanded the case back to the Commissioner for further proceedings because it is the Commissioner who quantifies and normally awards the total amount of past-due benefits to a claimant. Thus,

although the right to petition the Court for 406(b) fees arises once the Court enters judgment in favor of the claimant, until the claimant is ultimately awarded past-due benefits from the Commissioner, the attorney and the Court are unable to determine what a reasonable fee would be under Section 406(b).

Section 406(b) imposes a cap on the total amount of fees that may be awarded. 42 U.S.C. § 406(b)(1)(A). Section 406(b) provides that a Court may not award fees "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Section 406(b) contains a penalty provision that imposes criminal liability on any attorney who "charges, demand, receives or collects" from a claimant more than twenty-five percent of the claimant's past-due benefits awarded for work performed before the Court. 42 U.S.C. § 406(b)(2). Thus, both Section 406(a) and 406(b) fees are paid out of the claimant's past-due benefits ultimately awarded.

The EAJA permits a claimant to seek an award of fees against the government for work that is done before the Court if the claimant prevailed and the position of the Commissioner is not substantially justified. 28 U.S.C. § 2412(d)(1)(A). Fee awards pursuant to 28 U.S.C. § 2412(d) are paid by the government and not out of a claimant's past-due benefits. Ordinarily, petitions for EAJA fees are filed soon after a judgment is entered in favor of a claimant, in accordance with the time period prescribed in Rule 54(d), Federal Rules of Civil Procedure. Because EAJA awards and Section 406(b) awards are often made for the same work, although paid from different sources, the EAJA contains a Savings Provision that provides that "where the claimant's attorney receives fees for the same work under both [406(b) and the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee." 28 U.S.C. 2412 note.

Thus, after a judgment is rendered in favor of a claimant, the Court may award EAJA fees for work done before the Court and, after the Commissioner ultimately awards past-due benefits, the attorney representing claimant may file a petition for Section 406(b) fees, which is often based upon a contingent fee agreement. If the Court awards EAJA fees and Section 406(b) fees for the same work, the Savings Provision of EAJA requires the attorney to refund the lesser amount to the claimant. Accordingly, Section 406(a), 406(b), and the EAJA each provide for attorneys fees for representing a claimant in Social Security Disability cases. Fees awarded pursuant to Section 406(a) and 406(b) are paid out the total amount of a claimant's past-due benefits awarded and EAJA fees are paid by the government.

In *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970) the Fifth Circuit Court of Appeals considered whether the measure of fees for determining compliance with Section 406(b)'s twenty-five percent cap should focus solely on the Court's award of fees under Section 406(b) for proceedings before it, or also include any award of fees by the Commissioner pursuant to Section 406(a) for proceedings before the Commissioner. *Id*. Referring to the latter measure as an "aggregate allowance," the Fifth Circuit held that Section 406(b) "precludes the aggregate allowance of attorney's fees greater than twenty-five percent of the past due benefits received by the claimant." *Id*.[4] An attorney may not charge <u>a claimant</u> for work done at the administrative level <u>and</u> before the District Court which is more than twenty-five percent of the past-due benefits ultimately awarded to the claimant. *Id*. *See also See also Hewett v. Bowen*, 1987 WL 39762 at *2 (S.D. Ga. Mar. 13, 1987) ("Consequently, attorneys may recover from their clients

---

[4] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209-11 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the law of the former Fifth Circuit.

no more than 25% of the clients [sic] past due benefits for work in administrative proceedings and [before] the court."); *McCann v. Astrue*, 2009 WL 4884308 at *1 (S.D. Ala. Dec. 10, 2009) ("[B]inding authority in this Circuit states that the combined attorney fee recovery under both § 406(a) and § 406(b) is limited to twenty-five percent (25%) of Plaintiff's past-due benefits. . . ."). Thus, pursuant to *Dawson*, the aggregate of 406(a) and 406(b) fees charged against a claimant's total past-due benefits awarded may not exceed the twenty-five percent cap. *Id*.

In *Watford v. Heckler*, 765 F.2d 1562, 1564-67 (11th Cir. 1985), the Eleventh Circuit directly addressed "the interplay between the standards for an award of attorneys' fees against the federal government as litigant under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and the limitations on the amount of contingent fees recoverable by the plaintiffs' attorneys from their clients in a claim for past-due Social Security disability benefits under 42 U.S.C. § 406(b)(1)." *Id*.[5] In *Watford*, the District Court determined that where a claimant had previously been awarded Section 406(b) fees that any subsequent EAJA fee award must make the total fees awarded less than or equal to the twenty-five percent cap set forth in Section 406(b). *Id*. at 1555. In discussing the differences between the two statutes at issue, the Eleventh Circuit held:

> It is settled that § 406(b) of the Social Security Act is not a statute "specifically providing" for an award of attorneys' fees against the government so as to preclude application of the EAJA altogether under the first clause of 28 U.S.C. § 2412(d). Section 406(b) provides for the discretionary award of attorneys' fees out of (and not in addition to) the past-due benefits recovered by a successful claimant in a Social Security action. In other words, it essentially

---

[5] As set forth below, *Watford* is directly on point and materially impacts the outcome in this case. Nevertheless, neither party cited to *Watford* despite being directed by the Court to provide further briefing on the issue. By omitting this binding precedent from their briefing and arguments, the parties might well have led the Court to err.

8

provides for contingent fees to be charged to the client, with the amount to be set by the district court subject to a statutory maximum. *See Wolverton v. Heckler*, 726 F.2d 580, 582 (9th Cir.1984) (Section 406(b) does not provide for fee-shifting, but "specifies only a limitation on the amount that a claimant must pay toward lawyers' fees"). *Accord, Cornella v. Schweiker*, 728 F.2d 978 (8th Cir.1984); *Guthrie v. Schweiker*, 718 F.2d 104 (4th Cir.1983). Section 406(b) does not provide for nor purport to prohibit an award of attorneys' fees against the government, and the courts have invariably concluded that in Social Security cases Section 406(b) does not preclude the award of attorneys' fees against the government pursuant to the EAJA. *Wolverton v. Heckler*, 726 F.2d at 582; *Cornella v. Schweiker*, 728 F.2d at 987; *Guthrie v. Schweiker*, 718 F.2d at 104. *Accord, Smith v. Heckler*, 739 F.2d 144, 147 (4th Cir.1984); *Tant v. Heckler*, 577 F.Supp. 448 (N.D.Ga.1983); *Watkins v. Harris*, 566 F.Supp. 493 (E.D.Pa.1983); *Ocasio v. Schweiker*, 540 F.Supp. 1320 (S.D.N.Y.1982).

Therefore, the question becomes this: <u>does Section 406(b) of the Social Security Act directly or indirectly place a ceiling on the amount of attorneys' fees that may be awarded against the government (pursuant to the EAJA) in Social Security cases</u>? In view of the purposes and legislative histories of the two acts, as well as their express language, <u>the answer would seem to be no</u>. As already noted, the express language of Section 406(b) makes no reference to any limitation on the amount of fees to be awarded against the government in a proper case. Nor can any limit be gleaned from the express purposes of the two acts. The purpose of the EAJA was to alleviate economic deterrents to contesting unreasonable government action by shifting the burden of attorneys' fees from the private litigant to the government where the government's position is substantially unjustified. *See* H.R.Rep. No. 96-1418, 96th Cong.2d Sess. (1980), reprinted in 1980 U.S.Code Cong. & Ad.News 4984. The purposes of 42 U.S.C. § 406(b), on the other hand, were (1) to limit the size of contingency fees <u>payable by the client</u>, Congress believing that contingent fee arrangements in Social Security cases often resulted in an inordinate deprivation of benefits otherwise payable to the client, and (2) to ensure that attorneys would receive some fees for their representation. *See* S.Rep. No. 404, 89th Cong., 1st Sess. 422 (1965), reprinted in 1965 U.S.Code Cong. & Ad.News 1943, 2062. *See also Guthrie v. Schweiker*, 718 F.2d at 107, n. 9; *Watkins v.*

9

> *Harris*, 566 F.Supp. at 495-96; *Ocasio v. Schweiker*, 540 F.Supp. at 1322. Consequently, <u>allowing fee awards against the government in Social Security cases in amounts greater than 25 percent of a claimant's past-due benefits would not be contrary to the letter or the spirit of 42 U.S.C. § 406(b). To the extent the district court's decision is based on a contrary construction of 42 U.S.C. § 406(b), the district court erred as a matter of law. That provision alone neither expressly nor impliedly limits the amounts properly to be awarded under the EAJA</u>.

*Watford*, 765 F.2d at 1566-67 (emphasis added). Thus, because EAJA awards are paid by the government and do not reduce the amount of a claimant's award of past-due benefits, EAJA fees are irrelevant for determining compliance with Section 406(b)'s twenty-five percent cap on fee awards, which are taken from the benefits awarded to claimants. *Id*. at 1567 ("[T]he fact that attorneys may recover from their clients no more than 25 percent of the clients [sic] past-due benefits does not limit the amounts to be awarded under the EAJA.").

The Savings Provision of the EAJA, 28 U.S.C. 2412 note, provides that the penalty provisions of Section 406(b)(2) shall not apply with respect to any award under EAJA for the same work if the claimant's attorney refunds to the claimant the smaller of the two awards. *Id*. *See also Jackson v. Commissioner*, 601 F.3d 1268, 1271 (11th Cir. 2010). In order to effectuate this step, the Eleventh Circuit has held that it is permissible for a fee petitioner to deduct the amount of EAJA fees previously awarded from a subsequent 406(b) request. *Id*. at 1274. Nevertheless, pursuant to *Watford*, 765 F.2d at 1566-67 the twenty-five percent cap in Section 406(b) simply does not apply to petitions for EAJA fees.

In this case, Mr. Culbertson requests that the Court award him $36,680.75 in 406(b) fees, which is less than twenty-five percent of the total past due-benefits awarded ($42,680.75), is net of EAJA fees paid by the government ($4,288.07), and, when added together with the 406(a)

10

fees ($6,000.00) is not greater than twenty-five percent of past due benefits awarded. Doc. No. 33 at 2-3. The Commissioner maintains that the maximum Mr. Culbertson may be awarded is $32,392.68 based upon Section 406(b)'s twenty-five percent cap, which the Commissioner incorrectly maintains should be measured by including any EAJA fees. Doc. No. 28 at 6-8. Pursuant to *Watford*, the twenty-five percent cap in Section 406(b) does not apply to EAJA fees because such fees are paid by the government and not out of the claimant's past-due benefits. 765 F.2d at 1566-67. In determining an appropriate Section 406(b) fee, the Court should not include any fees awarded under the EAJA as part of Section 406(b)'s statutory cap. Thus, it is recommended that the Court find that the maximum the Court may award in Section 406(b) fees is $36,680.75.[6]

Regarding whether not the amount the of attorneys' fees requested constitutes a windfall, Plaintiff agreed to pay Mr. Culbertson twenty-five (25%) percent of past-due benefits awarded minus EAJA fees. Doc. No. 25-1 at 1. The "best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Wells v. Sullivan,* 907 F.2d 367, 371 (2d Cir. 1990). However, "[a] fee pursuant to a contingency contract is not *per se* reasonable." *McGuire v. Sullivan,* 873 F.2d 974, 979 (7th Cir. 1989). The contingency fee negotiated by the claimant and his counsel is not reasonable if the agreement calls for fees greater than the twenty-five percent (25%) statutory limit, the agreement involved fraud or "overreaching" in its making, the resolution of the case was unreasonably delayed by the

---

[6] The undersigned recognizes that the burden of refunding the EAJA fees done for the same work lies with Mr. Culbertson.

acts of the claimant's attorney, or would provide a fee "so large as to be windfall to the attorney." *Wells,* 907 F.2d at 372; *McGuire,* 873 F.2d at 981; *Rodriquez v. Bowen,* 865 F.2d 739, 746 (6th Cir. 1989). A contingency fee is more likely to be reasonable the greater the risk that the claimant would not prevail. *McGuire,* 873 F.2d at 985 ("A finding of riskiness is an essential one in granting a full twenty-five percent contingent award in a social security case."). Finally, "because Section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Gisbrecht v. Barnhart*, 122 122 S.Ct. 1817, 1828 n. 17 (2002).

In this case, after accounting for Section 406(a) fees, the amount of fees negotiated between Plaintiff and Mr. Culbertson does not exceed twenty-five percent of past-due benefits awarded. Doc. No. 25-1 at 1. The agreement was freely and voluntarily entered into by Plaintiff. As a result of Mr. Culbertson's work, Plaintiff was successful on his claim. This case involved a fair amount of risk, not only in succeeding on the underlying disability claim, but also in securing any fees associated with representing Plaintiff before the District Court. *See McKee v. Commissioner of Social Security*, Case No. 2008 WL 4456453 at *5 (M.D. Fla. 2008) (noting that in Social Security cases the "low probability of success is substantial," and that the time between filing a claim and obtaining ultimate success is also substantial). Moreover, the Commissioner essentially maintains that the amount of attorneys' fees requested constitutes a windfall based on the lodestar method. Doc. No. 28 at 5-7. However, in *Gisbrecht*, the Supreme Court found that re-adopting the lodestar method in these types of cases would likely have a chilling effect on the willingness of attorneys to undertake these types of cases on a contingency

fee basis. 122 S.Ct. at 1827-28.  Based on the forgoing, it is recommended that the Court find an award of $36,680.75 is reasonable and does not constitute a windfall.

Accordingly, it is **RECOMMENDED** that the Court:

1. **GRANT** the Motion (Doc. No. 25);

2. Authorize Mr. Culbertson to charge and collect from Plaintiff the sum of $36,680.75 in 406(b) fees; and

3. Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on May 2, 2012.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record
Unrepresented Parties