# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**THOMAS CLYDE WHITE,**

          **Plaintiff,**

**-vs-**                                         **Case No. 6:09-cv-1208-Orl-28GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

          **Defendant.**

_____

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT:

This cause came on for consideration after oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (Doc. No. 45)** |
| **FILED:** | **July 25, 2012** |

**THEREON** it is **RECOMMENDED** that the motion is **GRANTED.**

### I. BACKGROUND.

On September 3, 2010, a judgment was entered reversing and remanding this case to the Commissioner of Social Security (herein, "Commissioner" or "Defendant") for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. No. 19. On November 16, 2010, Plaintiff was awarded attorneys' fee in the amount of $4,288.07 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "EAJA"). Doc. No. 24. On May 24, 2012, pursuant to 42 U.S.C. § 406(b), the Court entered an order authorized Plaintiff's counsel, Richard Culbertson to

1

charge and collect from Plaintiff the sum of $36,680.75 in attorneys' fees. Doc. No. 44. The facts underlying the above motions are already set forth in the undersigned's prior report and recommendation (Doc. No. 44) and are adopted herein.

On July 25, 2012, Plaintiff filed a Supplemental Motion for Attorneys' Fees Under the EAJA (the "Motion"). Doc. No. 45. In the Motion, Plaintiff requests that the Court award supplemental attorneys' fees under the EAJA in the amount of $3,394.71 for time spent defending against the Commissioner's objections to Plaintiff's fee petition under Section 406(b). Doc. No. 45 at 1-3, 6. Plaintiff represents that the Motion is unopposed and requests that the Court award the requested fees to Plaintiff. Doc. No. 45 at 3, 11.

In support of the amount of supplemental fees requested, Plaintiff's counsel states that he expended 18.8 hours of time on the case at an hourly rate of $180.57 per hour. Doc. No. 45 at 8. Counsel attaches a detailed time sheet reflecting the tasks and hours spent working on defending against the Commissioner's objection to Plaintiff's Section 406(b) fee request. Doc. No. 45 at 12. Counsel states that the hourly rate requested does not exceed the EAJA's statutory cap of $125 per hour adjusted for inflation. Doc. No. 45 at 10-11. As set forth above, the Motion is unopposed. Doc. No. 45 at 3.

In *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524-30 (2010), the United States Supreme Court held that EAJA fees are awarded to the "prevailing party" or the litigant rather than to the litigant's attorney. In the Motion, Plaintiff requests an award of attorneys' fees. Doc. No. 45 at 11. Accordingly, it is **RECOMMENDED** that the Court:

1. **GRANT** the Motion (Doc. No. 45); and
2. Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.  **If the parties have no objection to this report and recommendation, they may promptly file a joint notice of no objection**.

**RECOMMENDED** in Orlando, Florida on July 26, 2012.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record
Unrepresented Parties